```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                       CENTRAL DIVISION at LEXINGTON
```

| | |
|---|---|
| TAMMY CARPENTER, | ) |
| | ) Civil Action No. 5:08-272-JMH |
| Plaintiff, | ) |
| v. | ) |
| | ) **MEMORANDUM OPINION AND ORDER** |
| COMMONWEALTH OF KENTUCKY, ET AL., | ) |
| Defendants. | ) |

**   **   **   **   **

This matter is before the Court on motions to dismiss filed by the Commonwealth of Kentucky, the Cabinet for Health and Family Services ("CHFS"), the Kentucky Department of Community Based Services ("DCBS"), Wendell Combs, Karen Tomlin, and Jackie Chitwood (collectively, the "Cabinet Defendants") [Record No. 4] and by Debbie Featherstone ("Featherstone") [Record No. 12]. Plaintiff having responded and Defendants having replied, this matter is ripe for review.

### I. FACTS

Plaintiff's complaint surrounds Defendants' handling of her minor daughter's ("Daughter") custody and foster care arrangement. Following an investigation by Defendants, on May 21, 2007, the Garrard County Family Court issued an Emergency Custody Order removing Daughter from her home with Plaintiff. Plaintiff alleges that Daughter's removal was based on an investigation by Defendants

that was insufficient at best, and fraudulent at worst. Plaintiff states that she has been fighting to regain custody of Daughter since she was removed from Plaintiff's home in May, 2007. While sealed state court records detail the events leading up to Daughter's removal from the home, the Court finds it unnecessary, and inappropriate, to recount those events here. It is sufficient to note that state court records reveal that during the May 22, 2007, temporary removal hearing, Plaintiff's attorney stipulated to placing temporary custody of Daughter with CHFS. At the July 27, 2007, hearing, all parties, including Plaintiff, agreed that Daughter should remain in the custody of CFHS, and the court so ordered. The permanency hearing was conducted on January 4, 2008. The court noted that the parties agreed to change the goal from family reunification to "planned permanent living arrangement," meaning that Daughter would remain in the custody of CHFS until she turned eighteen.[1] Plaintiff did not object to this arrangement.

Based upon the aforementioned facts, Plaintiff brings causes of action for infringement on the right to parent, infringement on the right of family members to live together, intentional infliction of emotional distress, negligence, and fraud. The individual defendants, Combs, Tomlin, Chitwood, and Featherstone[2]

---

[1] Daughter turned eighteen years of age in October, 2008.

[2] At the time of the events surrounding Plaintiff's claims, Featherstone was an employee of Bluegrass Therapeutic Foster Care, an independent agency that contracts with the state to perform social services.

are named only in their official capacities.³ The Cabinet Defendants moved to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(1), (2), and (6). In separate briefing, Defendant Featherstone moved to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6), and joined in the Cabinet Defendants' motion to dismiss.

## II.   STANDARD OF REVIEW

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the plaintiff's complaint. The Court views the complaint in the light most favorable to the plaintiff and "must accept as true 'well-pleaded facts' set forth in the complaint." *PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 680 (6th Cir. 2004) (quoting *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)). "A complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." *Weiner. v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir.1997). If it appears beyond doubt that the plaintiff's complaint does not state facts sufficient to "state a claim that is plausible on its face," then the claims must be dismissed. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007); *Weisbarth v. Geauga Park Dist.*, 499 F.3d 538, 542(6th Cir. 2007); *Our Lady of Bellefonte Hospital, Inc. v. Tri-State Physicians Network, Inc.*, No. 06-141-

---

³ "Plaintiff's complaint presently states that the Defendants are liable in their official capacities. . ." Record No. 9, Pl. Resp. at 2.

HRW, 2007 WL 2903231, *2 (E.D.Ky. Sept. 27, 2007).

### III.  ANALYSIS

**A.  The Cabinet Defendants**

Even when viewing the facts in the light most favorable to Plaintiff, she has failed to state a claim upon which relief can be granted.  First, and perhaps most importantly, Plaintiff's claims against the Cabinet Defendants are barred by the doctrine of sovereign immunity and the Eleventh Amendment of the United States Constitution.  Controlling precedent is clear that "[t]he Eleventh Amendment bars suits brought in federal court against a state and its agencies unless the state has waived its sovereign immunity or consented to be sued in federal court."  *Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989)).  State officials sued in their official capacity are also immune from suit because "a suit against a state official in his or her official capacity is not a suit against the official but rather a suit against the official's office."  *Id.* (quoting *Will*, 491 U.S. at 71) (internal quotations omitted).

Plaintiff concedes that CHFS and DCBS are state entities, a fact recently recognized by this Court.  *See Barrett v. Benchmark Family Servs., Inc.*, 2008 WL 2050996 (E.D. Ky. May 12, 2008); *see also* KRS 12.250(6).  Therefore, because the Cabinet Defendants have not waived their sovereign immunity, they cannot be held liable for Plaintiff's claims arising from the alleged constitutional

violations.

Even assuming, *arguendo*, that the Cabinet Defendants were not immune to suit, Plaintiff still fails to state a claim upon which relief can be granted. Expressly disclaiming that her claims of constitutional violations are brought under 42 U.S.C. § 1983,[4] Plaintiff brings her purported federal law claims directly under the Fourteenth Amendment of the United States Constitution.[5] Controlling precedent dictates that there is no cause of action directly under the Fourteenth Amendment for an alleged deprivation of one's constitutional rights by a state official. "The Supreme Court has never recognized a cause of action arising directly under the Constitution in a case where § 1983 was available as a remedy." *Thomas v. Shipka*, 818 F.2d 496, 500 (6th Cir. 1987), vacated on other grounds, 488 U.S. 1036 (1989). "[I]t is unnecessary and needlessly redundant to imply a cause of action arising directly under the Constitution where Congress has already provided a statutory remedy of equal effectiveness through which the plaintiff could have vindicated her constitutional rights." *Id.* Because there can be no direct cause of action under the Fourteenth Amendment against the Cabinet Defendants, Plaintiff's

---

[4] "Plaintiff has presently chosen not to bring this action through a 42 U.S.C. § 1983 suit." Record No. 9, Pl. Resp. at 2. "Plaintiff has chosen not to bring this suit under 42 U.S.C. § 1983." Record No. 16, Pl. Resp. at 2.

[5] 42 U.S.C. § 1983 provides a remedy for constitutional violations committed by persons acting under color of state law.

constitutional claims against them fail as a matter of law.

Plaintiff's claims for intentional infliction of emotional distress, negligence, and fraud are unquestionably state law claims. This Court only has supplemental jurisdiction over such claims if they are brought in conjunction with related claims over which the Court has original jurisdiction. *See* 28 U.S.C. § 1367; *Voyticky v. Village of Timberlake, Ohio*, 412 F.3d 669 (6th Cir. 2005). As the claims which formed the basis of this Court's original subject matter jurisdiction in this case will be dismissed, there is no supplemental jurisdiction over Plaintiff's state law claims, and they too must be dismissed.

### B. Defendant Featherstone

Plaintiff's claims against defendant Featherstone also fail. If, as Plaintiff alleges, Featherstone's actions were so intertwined with the work of the Cabinet Defendants so as to be indistinguishable therefrom, Plaintiff's claims against Featherstone fail for the reasons discussed above. If Featherstone's actions were not so intertwined with the Cabinent Defendants' work, then Plaintiff's Fourteenth Amendment claims against Featherstone fail because the Fourteenth Amendment's Due Process Clause only applies to actions of the state, not actions of private citizens like defendant Featherstone. The United States Supreme Court addressed this issue in *United States v. Morrison*, 529 U.S. 598 (2000).

6

> The Fourteenth Amendment, by its very terms, prohibits only state action. The principle has become firmly embedded in our constitutional law that the action inhibited by the first section of the Fourteenth Amendment is only such action as may fairly be said to be that of the States. That Amendment erects no shield against merely private conduct, however discriminatory or wrongful.

*Id.* at 621 (internal quotations omitted). Plaintiff's Fourteenth Amendment claims against Featherstone must fail, and for the reasons stated above, the Court must also dismiss the state law claims against Featherstone.

### IV. CONCLUSION

Accordingly, and for the foregoing reasons, **IT IS ORDERED:**

That Defendants' motion to dismiss [Record Nos. 4 and 12] be, and the same hereby are, **GRANTED**.

This the 21st day of November, 2008.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge